ELIZABETH M. SATHAN, executrix, vs. MAURICE SATHAN
& another.

Suffolk.    April 7, 1965. — April 29, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Probate Court,* Proof of will, Decree. *Will,* Allowance. *Executor and
Administrator,* Short statute of limitations.

Where, after the appointment of special administrators of an estate, a
decree allowing the decedent's will was inadvertently entered without
hearing on December 27 but was later revoked, and on February 19,
upon hearing, a decree was entered whereby the December 27 decree
was "reinstated," the February 19 decree had the effect of allowing the
will and starting the running of the period of limitation for actions
against the estate on February 19, not December 27; a still later de-
cree purporting to revoke the February 19 decree for formal error and
to allow the will "as of" February 19 was unnecessary and erroneous
and was reversed on appeal, leaving the February 19 decree in effect.

PETITION filed in the Probate Court for the county of
Suffolk on November 23, 1962, for proof of the will of Rose
Sathan, late of Boston.

The decrees described in the opinion were entered by
*Wilson, J.*

*Sidney M. Blumenthal* for the petitioner.

*Benjamin A. Stein* for the respondents.

WILKINS, C.J.    Rose Sathan, late of Boston, died on No-
vember 12, 1962, leaving a daughter and two sons.    She left
two purported wills.    One dated October 19, 1944, named
Maurice executor, who filed a petition for its probate on
November 26, 1962.    The other dated March 3, 1960, named
Elizabeth executrix, who filed a petition for its probate on
November 23, 1962.    On November 29, 1962, counsel for
Maurice and counsel for Elizabeth were appointed special
administrators.    Notwithstanding the foregoing, on Decem-
ber 27, 1962, owing to some misadventure, the later will was
allowed without a hearing.    On February 1, 1963, the de-
cree of December 27, 1962, was revoked.    On February 19,

1963, the decree of February 1, 1963, was in turn revoked and the decree of December 27, 1962, "reinstated." On February 13, 1964, were filed notices of two claims by Maurice against the estate of Rose. One claim was for goods sold, work done and materials provided, and money had and received, and the other was for funeral and medical expenses. The notices were pursuant to G. L. c. 202, § 20 (as amended through St. 1933, c. 221, § 5), and G. L. c. 197, § 9 (as amended through St. 1954, c. 552, § 1), and stated that actions to enforce the claims were pending in the Municipal Court of the City of Boston. On June 5, 1964, the decree of February 19, 1963, was revoked, and the petition of November 23, 1962, for the probate of the later will was allowed "as of February 19, 1963, the date on which hearing was had." Elizabeth, as executrix, appealed.

There appears to be no question that the later will was the one proper for allowance. The controversy seems to be confined to the date it was properly allowed. Obviously, the decree of December 27, 1962, is erroneous on its face. Nor could it be rightly contended, and it is not so contended, that the appointment of the special administrators had any effect on the beginning of the time of limitation for actions against the estate. G. L. (Ter. Ed.) c. 193, § 15.[1]

The decree of February 19, 1963, reached the right result of allowing the later will, but under § 15 it could not have the effect of reinstating that allowance as of December 27, 1962. The decree of February 19, 1963, was in substance and effect the first valid allowance of the later will, and the period of limitation for actions against the estate began to run on that date. The decree of June 5, 1964, recognized that there had been a formal error in the decree of February 19, 1963. But what it purported to do had already been achieved. The method of attempted correction also is error apparent on the record.

---

[1] "A special administrator shall not be liable to an action by a creditor of the deceased; and the time of limitation for all actions against the estate shall begin to run only after the granting of letters testamentary or of administration in the usual form in like manner and subject to the same conditions as if special administration had not been granted . . . ."

It follows that the appellant was not aggrieved by the decree of June 5, 1964. That decree, which was erroneous as hereinbefore stated, is reversed. This leaves in effect the decree of February 19, 1963, which must be read as allowing on that date the petition of November 23, 1962, for the probate of the later will.

*So ordered.*